SHARTSIS FRIESE LLP
JOEL ZELDIN (Bar #51874)
jzeldin@sflaw.com
PAUL P. "SKIP" SPAULDING, III (Bar #83922)
sspaulding@sflaw.com
ROBERT CHARLES WARD (Bar #160824)
rward@sflaw.com
425 Market Street, Eleventh Floor
San Francisco, CA 94105-2496
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for Plaintiff
FEDERATED INDIANS OF GRATON RANCHERIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERATED INDIANS OF GRATON RANCHERIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEB HAALAND, Secretary of the United States Department of the Interior; BRYAN NEWLAND, Assistant Secretary for Indian Affairs, United States Department of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; BRYAN MERCIER, Director of the United States Bureau of Indian Affairs; AMY DUTSCHKE, Regional Director, Pacific Region, United States Bureau of Indian Affairs; UNITED STATES BUREAU OF INDIAN AFFAIRS,<br><br>　　　　Defendants. | Case No. 3:24-cv-08582-RFL<br><br>**[PROPOSED]** **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

On December 20, 2024, Plaintiff FEDERATED INDIANS OF GRATON RANCHERIA ("FIGR") presented its Motion for a Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction to this Court.

The Court, having considered the argument of counsel and the papers submitted with this matter, and for good cause shown, HEREBY ORDERS that the Motion is GRANTED as modified, as more fully set forth herein.

## TEMPORARY RESTRAINING ORDER

Incorporating the reasons stated on the record, the Court has found that good cause exists for issuance of a Temporary Restraining Order as FIGR has shown (1) that it likely will prevail on its claim under Section 106 of the National Historic Preservation Act ("Section 106") and has also raised serious questions regarding these Section 106 issues; (2) irreparable harm will occur absent an injunction; (3) the balance of equities tips sharply in favor of FIGR; and (4) injunctive relief would support the strong public interest in favor of promoting compliance with Section 106.

Pending hearing on the Order to Show Cause, Defendants DEB HAALAND, Secretary of the United States Department of the Interior; BRYAN NEWLAND, Assistant Secretary for Indian Affairs, United States Department of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; BRYAN MERCIER, Director of the United States Bureau of Indian Affairs; AMY DUTSCHKE, Regional Director, Pacific Region, United States Bureau of Indian Affairs; UNITED STATES BUREAU OF INDIAN AFFAIRS (collectively "Defendants"), as well as their agents, servants, employees, representatives, and all persons acting in concert with them or on their behalf, are hereby RESTRAINED, ENJOINED AND ORDERED as follows:

Defendants shall not (1) issue a Record of Decision for the land into trust decision and associated National Environmental Policy Act and Indian Gaming and Regulatory Act decisions in connection with the Koi Nation Project, or (2) take any actions to implement or consummate a land into trust transaction, until Defendants have made a new determination as to the effects of the undertaking on historic properties after consultation with FIGR to identify and assess the project's direct, indirect, and cumulative effects on such properties, under Section 106 of the National Historic Preservation Act, 54 U.S.C. § 307108.

3. FIGR shall not be required to post security.

ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Defendants are ordered to appear on January 9, 2025, at 10 a.m. in Courtroom 15 to show cause why a preliminary injunction should not be granted and why Defendants and their agents, servants, employees, representatives, and all persons acting in concert with them or on their behalf should not be RESTRAINED AND ENJOINED pending trial as stated above in the Temporary Restraining Order.

The Court will consider the papers submitted by the parties in connection with this Temporary Restraining Order to also be deemed to be part of the record for the motion for preliminary injunction. Any further preliminary injunction motion papers shall not repeat arguments previously made in the papers regarding the Temporary Restraining Order, but may expand on or clarify them. Any further motion for preliminary injunction by FIGR shall be filed by December 27, 2024. Any opposition papers shall be filed by January 2, 2025. Any reply papers to the opposition shall be filed by January 6, 2025. The parties shall submit a joint status report by January 6, 2025, stating whether any witness testimony is anticipated at the hearing, and if so, identifying each witness, the topic(s) of testimony, and the anticipated length of direct and cross examination.

Incorporating the findings on the record that good cause exists to extend the temporary restraining order under Federal Rule of Civil Procedure 65(b)(2) until the Court can hear and decide a preliminary injunction, this Temporary Restraining Order shall expire on the date on which the order on the preliminary injunction is issued.

IT IS SO ORDERED.

Dated: December 20, 2024

THE HONORABLE RITA F. LIN
UNITED STATES DISTRICT COURT