UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERATED INDIANS OF GRATON RANCHERIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-08582-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 98, 115 |

　　　　The Court requests that the parties be prepared to address the following questions at the hearing on their cross-motions for summary judgment, set for July 29, 2025, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse:

1. The administrative record establishes that in 1918, Tom Johnson and other members of the Johnson family established their permanent residence near the Shiloh Site. There is also evidence that Pomo workers participated in seasonal migration and labor, following trade routes through Windsor, Healdsburg, Sebastopol, and Santa Rosa. By the 1940s, the vast majority of Pomo income came from agricultural work. On the one hand, there is circumstantial evidence in the record that the tribe was engaged in economic, social, and political activity near the Shiloh Site that would provide a reasonable basis to infer that the tribe used the parcel of land. However, on the other, the Shiloh Site was privately owned from 1880 to 1994, the period during which the Johnson family and other Koi tribal members relocated to Santa Rosa. If the Shiloh Site was privately owned, is it reasonable to infer that tribal members were using, or even passing through, the land?

2. DOI's succession memorandum outlines procedures for who may perform the Assistant Secretary's delegable duties and under what circumstances. Why does the presumption of regularity not allow the Court to assume that the procedures outlined in the succession memorandum were followed, meaning that Director Dearman exercised his authority because the first three individuals were not available, in compliance with agency procedure?

3. FIGR argues that the delegation memorandum does not involve the "absence of the incumbent in a position covered by the Vacancies Act" in 302 DM 2. If it can be shown or assumed that the proper line of succession was followed, why does the delegation not fall within that provision?

4. Additionally, it would be helpful if the parties could provide the Court with a demonstrative map that locates the Shiloh Site relative to each of the different points of interest that demonstrate a historic tribal connection (e.g., the Johnson residence, the burial locations, the trade routes, etc.), including the operative dates and administrative record cites for each point of interest. Ideally, the demonstrative would be an agreed-upon map, but if that is not possible, the parties may submit separate maps. The parties do not need to submit the demonstrative(s) before the hearing, but may provide them on July 29, 2025.

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: July 24, 2025

RITA F. LIN
United States District Judge