UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERATED INDIANS OF GRATON RANCHERIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | Case Nos.  24-cv-08582-RFL;<br>25-cv-1640-RFL<br><br>**FINAL JUDGMENT** |

On November 22, 2024, Plaintiff Federated Indians of Graton Rancheria ("FIGR") filed a lawsuit docketed at 24 Civ. 8582, challenging the failure of the Federal Defendants, and each of them (collectively "DOI"), to meaningfully consult with FIGR under the National Historic Preservation Act ("NHPA") for Koi Nation's proposed casino project on a 68.60-acre parcel of land known as the "Shiloh Parcel."  On January 13, 2025, DOI took the Shiloh Parcel into trust on Koi Nation's behalf and determined that gaming could be authorized on the Parcel under the Indian Regulatory Gaming Act ("IGRA").  On February 14, 2025, FIGR filed a second lawsuit docketed at 25 Civ. 1640, challenging those decisions.  On March 10, 2025, FIGR filed a Supplemental Complaint in the lawsuit docketed at 24 Civ. 8582.  The court consolidated the two lawsuits.  On May 8, 2025, FIGR moved for summary judgment, and on June 5, 2025, Defendants cross-moved for summary judgment.  For the reasons set forth in the Court's September 2, 2025, Order, and having reviewed the full administrative record, it is **HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1

1. The Parties' cross-motions for summary judgment are **GRANTED** in part and **DENIED** in part.

2. Judgment is entered in FIGR's favor on its claim that DOI violated the NHPA and the Administrative Procedure Act ("APA") by failing to adequately consult with FIGR under Section 106 (First Claim for Relief in the Supplemental Complaint filed on docket 24 Civ. 8582).

3. Judgment is entered in FIGR's favor on its claim that DOI violated the IGRA and the APA by improperly concluding that Koi had the requisite significant historical connection to the Shiloh Parcel to satisfy the restored lands exception of IGRA (First Claim for Relief in the Complaint filed on docket 25 Civ. 1640).

4. Judgment is entered in FIGR's favor on its claim that DOI violated the APA, the IGRA, and the Indian Reorganization Act ("IRA") by failing to have an official with a valid delegation of authority execute DOI's decision (Seventh Claim for Relief in the Complaint filed on docket 25 Civ. 1640).  Specifically, Defendant Tony Dearman of the Bureau of Indian Education lacked statutory authority to issue: (i) the Record of Decision titled Trust Acquisition of 68.6 Acres in Sonoma County, California, for the Koi Nation of Northern California ("Record of Decision") and (ii) the Decision Letter to Koi ("Decision Letter").

5. Judgment is entered in FIGR's favor on its claim that DOI violated the National Environmental Policy Act ("NEPA") by failing to take a hard look at cultural resource impacts of the proposed project because it did not adequately consult with FIGR under the NHPA (Sixth Claim for Relief in the Complaint filed on docket 25 Civ. 1640).

6. The Record of Decision and the Decision Letter are declared invalid and are vacated.

7. The DOI must immediately reverse the land into trust transaction by taking the Shiloh Parcel out of trust and reconveying the Shiloh Parcel to Koi Nation, and take all

necessary steps, including but not limited to working with other components of the federal government or third parties, to accomplish the same.

8. Judgment is entered in Defendants' favor on the remaining claims in the case docketed at 25 Civ. 1640.[1]

9. The Court shall retain jurisdiction of this action to ensure compliance with declaratory and other relief and for the purpose of considering any applications for costs or attorneys' fees.

10. The matter is otherwise **REMANDED** to DOI for further proceedings and actions consistent with this Final Judgment.

**IT IS SO ORDERED.**

Dated: September 30, 2025

_____
RITA F. LIN
United States District Judge

---

[1] Because the September 2, 2025, Order found that DOI's application of the restored lands exception to the Shiloh Parcel was not supported by the record, the Court did not reach FIGR's additional arguments that DOI's application of that exception rested on an invalid interpretation of DOI's regulations (Second Claim for Relief in the Complaint filed on docket 25 Civ. 1640) or violated the IRA's Privileges and Immunities Clause (Third Claim for Relief in the Complaint filed on docket 25 Civ. 1640).