MILBANK LLP
NEAL KATYAL (*pro hac vice*)
1850 K Street, NW, Suite 1100
Washington, D.C.  20003
NKatyal@milbank.com
Telephone:     (202) 835-7505
Facsimile:      (202) 263-7586

MATTHEW LAROCHE (*pro hac vice*)
55 Hudson Yards
New York, NY  10001
MLaroche@milbank.com
Telephone:     (212) 530-5514
Facsimile:      (212) 822-5514

SHARTSIS FRIESE LLP
JOEL ZELDIN (Bar #51874)
jzeldin@sflaw.com
PAUL P. "SKIP" SPAULDING, III (Bar #83922)
sspaulding@sflaw.com
ROBERT CHARLES WARD (Bar #160824)
rward@sflaw.com
ROEY Z. RAHMIL (Bar #273803)
rrahmil@sflaw.com
425 Market Street, Eleventh Floor
San Francisco, CA  94105-2496
Telephone:     (415) 421-6500
Facsimile:      (415) 421-2922

Attorneys for Plaintiff
FEDERATED INDIANS OF GRATON RANCHERIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERATED INDIANS OF GRATON RANCHERIA,<br><br>Plaintiff,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the Interior, *et al.*,<br><br>Defendants. | Consolidated Case Nos. 3:24-cv-08582-RFL and 3:25-cv-01640-RFL<br><br>**PLAINTIFF FEDERATED INDIANS OF GRATON RANCHERIA'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER THE NATIONAL HISTORIC PRESERVATION ACT** |
| FEDERATED INDIANS OF GRATON RANCHERIA,<br><br>Plaintiff,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the Interior, *et al.*,<br><br>Defendants. | Date:     February 10, 2026<br>Time:     10:00 a.m.<br>Judge:    Honorable Rita F. Lin |

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 10, 2026 at 10:00 a.m. or as soon thereafter as the matter may be heard, in the Courtroom of The Honorable Rita F. Lin, Courtroom 15, 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiff Federated Indians of Graton Rancheria ("FIGR") will and hereby does move this Court for an order awarding it $601,336.83 in total attorneys' fees and expert costs pursuant to 54 U.S.C. § 307105 and Civil Local Rule 54-5, on the basis that FIGR prevailed on its claim in its first-filed case under the National Historic Preservation Act ("NHPA"). This total includes attorneys' fees in the amount of $536,081 and expert costs in the amount of $7,929.83 relating to litigation of the NHPA action, and $57,326 in fees for research and preparation of this Motion. FIGR will present evidence of its additional fees incurred in connection with the reply brief supporting this motion, and anticipated oral argument, with its reply papers.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Paul P. Spaulding, III, the Declaration of James Schwarz, and the Declaration of Victor M. Sher, and all of the files and records in this action, and any other matters of which the Court may properly take notice. FIGR also submits a proposed Order contemporaneously with the filing of this Motion in compliance with Judge Lin's standing order for civil cases.

DATED:  December 29, 2025

SHARTSIS FRIESE LLP

*/s/ Paul P. Spaulding, III*

By:     PAUL P. "SKIP" SPAULDING, III

Attorneys for Plaintiff
FEDERATED INDIANS OF GRATON
RANCHERIA

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................... 1

II. BACKGROUND .................................................................................................... 2

    A. The High-Stakes Effort To Preserve FIGR's Ancestral Remains And Artifacts.................................................................................................... 2

    B. Important Events During The Litigation.................................................... 3

    C. Attorneys' Fees FIGR Is Seeking ............................................................ 4

        1. NHPA Complaint.......................................................................... 5

        2. TRO Briefing ................................................................................ 5

        3. Declarations In Support Of The TRO........................................... 6

        4. TRO Hearing Preparation And Attendance ................................. 6

        5. Preliminary Injunction Papers...................................................... 7

        6. Preliminary Injunction Hearing Preparation And Attendance.................. 7

        7. Case Management And Settlement Efforts.................................... 7

        8. Research, Preparation, And Filing Of The Supplemental NHPA Complaint................................................................................... 8

        9. Summary Judgment Briefing And Hearing Attendance .............. 8

    D. FIGR's Fees In Connection With This Motion.......................................... 8

    E. Recoverable Costs..................................................................................... 9

    F. Attorneys' Fees And Expert Costs FIGR Is *Not* Seeking....................... 9

    G. FIGR's Litigation Team........................................................................... 10

III. LEGAL ARGUMENT............................................................................................ 11

    A. FIGR Is Entitled To Recover Its Attorneys' Fees Because It Substantially Prevailed. .......................................................................... 11

    B. FIGR's Fees Were Reasonable. ............................................................... 13

        1. Shartsis Friese's Rates Are Reasonable..................................... 13

        2. Shartsis Friese Worked Efficiently. .......................................... 14

IV. CONCLUSION..................................................................................................... 15

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

- ii -

Lead Case No.
3:24-cv-08582-RFL

PLAINTIFF FEDERATED INDIANS OF GRATON RANCHERIA'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER THE NHPA

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Blum v. Stenson*,
 465 U.S. 886 (1984)...................................................................................................13

*Brown v. Sullivan*,
 916 F.2d 492 (9th Cir. 1990) ......................................................................................12

*Davis v. City & Cnty. of San Francisco*,
 976 F.2d 1536 (9th Cir. 1992) ....................................................................................12

*Gonzalez v. City of Maywood*,
 729 F.3d 1196 (9th Cir. 2013) ....................................................................................13

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983).......................................................................................................4

*Ingram v. Oroudjian*,
 647 F.3d 925 (9th Cir. 2011) ......................................................................................13

*Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.*,
 356 F.3d 444 (2d Cir. 2004).......................................................................................12

*San Carlos Apache Tribe v. United States*,
 417 F.3d 1091 (9th Cir. 2005) ....................................................................................12

*Seachris v. Brady-Hamilton Stevedore Co.*,
 994 F.3d 1066 (9th Cir. 2021) ....................................................................................13

*Welch v. Metro. Life Ins. Co.*,
 480 F.3d 942 (9th Cir. 2007) ......................................................................................13

*Widrig v. Apfel*,
 140 F.3d 1207 (9th Cir. 1998) ....................................................................................14

**STATE CASES**

*General Fed'n of Women's Clubs v. Iron Gate Inn, Inc.*,
 537 A.2d 1123 (D.C. App. 1988)................................................................................12

**FEDERAL STATUTES**

54 U.S.C. § 307105 (National Historic Preservation Act, NHPA)....................................... *passim*

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

- iii -

# OTHER AUTHORITIES

Local Rules, United States District Court, Northern District of California,
    Rule 54-5 ................................................................................................................4

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

Lead Case No.
3:24-cv-08582-RFL

PLAINTIFF FEDERATED INDIANS OF GRATON
RANCHERIA'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES UNDER THE NHPA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff Federated Indians of Graton Rancheria ("FIGR" or "Tribe") moves to recover reasonable attorneys' fees and certain expert costs under the attorneys' fee provision in the National Historic Preservation Act ("NHPA"), 54 U.S.C. § 307105.  FIGR initiated this litigation by filing a Complaint with one claim based solely on Defendants' violation of the tribal consultation requirements in NHPA Section 106 for the proposed Koi Nation casino project that would be located on FIGR's ancestral lands in Sonoma County ("Shiloh Parcel").  The Court granted FIGR's motion for a temporary restraining order, denied FIGR's preliminary injunction motion without prejudice (in part because Defendants represented to the Court that the land-into-trust transaction could be reversed), and granted FIGR's summary judgment motion on this claim.

FIGR is a federally recognized tribe with deep historical ties to the Shiloh Parcel, which is believed to contain irreplaceable cultural resources, including FIGR's cultural artifacts and ancestral remains.  Rather than conducting the robust, interactive and transparent consultation with FIGR required by the NHPA, the Defendants "railroaded the tribe at every turn."  Dkt. No. 147 at 15.  As a result, the Court entered judgment in FIGR's favor on this claim, vacated the Record of Decision and Decision Letter, and ordered Defendants to immediately reverse the land-into-trust transaction by taking the Shiloh Parcel out of federal trust and reconveying it to Koi Nation.  Dkt. No. 155, ¶¶ 2, 5-7.  This was a complete victory by FIGR in its NHPA case.

FIGR seeks to recover only the attorneys' fees and costs associated with its litigation of the original NHPA claim.  From the start, the heart of this litigation has been the protection and preservation of the Tribe's cultural resources on the Shiloh Parcel under the NHPA.  This litigation took approximately ten months in district court and involved a complex set of facts, extremely high stakes for the Tribe, and an expedited litigation schedule, particularly during the first two months.  As described herein, FIGR has taken a measured and conservative approach to including litigation tasks as part of this Motion, and as a result, the individual and total attorneys' fees and expert costs are reasonable and appropriate in amount.

- 1 -

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

## II.     BACKGROUND

### A.     The High-Stakes Effort To Preserve FIGR's Ancestral Remains And Artifacts

As the Court found in its summary judgment order (Dkt. No. 147), FIGR filed this action to stop (and later to reverse) a land-into-trust transaction that jeopardized FIGR's ancestral remains and cultural artifacts located on a 68.6-acre parcel of land in Windsor, California.  Dkt. No. 147 at 1.  As FIGR's Tribal Chairman Greg Sarris explained, FIGR has deep historical connections to this parcel (Dkt. No. 16, ¶ 4), the Shiloh Parcel likely contains tribal artifacts and remains (*see id.*, ¶¶ 6-7), and one of FIGR's primary purposes is to preserve and protect the Tribe's heritage.  *Id.*, ¶ 2. FIGR initially alleged that Defendants had failed to consult with FIGR as required by the NHPA before issuing a Final Environmental Impact Statement approving the proposed project, and ultimately taking the Shiloh Parcel into trust.  *See* Dkt. No. 147 at 1.  As the Court recounted:

> FIGR filed this lawsuit on November 27, 2024, seeking a temporary restraining order preventing the Federal Defendants from taking the land into trust. On December 20, 2024, the Court granted the temporary restraining order, finding that FIGR was likely to succeed on the merits of its case. (Dkt. No. 30.) However, on January 10, 2025, the Court denied FIGR's motion for preliminary injunction, on the basis that no irreparable harm would result from allowing the land to be taken into trust. (Dkt. No. 52.) The Court reached that conclusion, in part, because the Federal Defendants represented in their briefing and at the hearing that the land-into-trust transaction could be reversed, and that groundbreaking activities for the project were not expected to occur until the beginning of 2026, at the earliest. On January 13, 2025, just one business day after the Court denied the preliminary injunction and on the eve of the change in presidential administrations, the Federal Defendants issued a Record of Decision and accompanying Decision Letter for the project, taking the Shiloh Parcel into trust.

*Id.* at 2-3.

The Court granted FIGR's motion for summary judgment ("MSJ") on its NHPA claim.[1] After thoroughly reviewing the evidence, the Court found:

> DOI railroaded the tribe at every turn. Although there is no requirement that the agency respond to every comment from FIGR, or that it change its position to conform to the preferences of the tribe, the record here supports the inference that the agency had already made up its mind prior to receiving FIGR's input. The lack

[1] FIGR asserted other claims in a second case pursuant to the Indian Gaming Regulatory Act, Indian Reorganization Act, Administrative Procedure Act, and National Environmental Policy Act (including that DOI failed to take a hard look at cultural resource impacts).  Dkt. No. 1. in Case No. 25-cv-01640-BLF.  The two cases were deemed related before this Court. Dkt. No. 69.

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA  94105-2496

- 2 -

of any substantive engagement with FIGR's comments, coupled with the history of attempts to avoid any real consultation with FIGR, indicates a lack of meaningful consultation. This is insufficient to satisfy the consultation requirement under section 106 of the NHPA, and FIGR is entitled to summary judgment on this claim as a result.

Dkt No. 147 at 15.

The Court therefore ordered that "FIGR is entitled to summary judgment on its claim[]… that the decision was made without adequately consulting FIGR under the NHPA and thus without taking a sufficiently hard look at cultural resource impacts under NEPA," and "therefore, adjudged that this matter is remanded to the Department of Interior, with vacatur of the Record of Decision and Decision Letter, to comply with the Court's order." *Id.* at 26.

The Court entered judgment in FIGR's favor on the NHPA claim on September 30, 2025. Dkt. No. 155, ¶ 2. The Court adjudged that "The Record of Decision and the Decision Letter are declared invalid and are vacated" and that "The DOI must immediately reverse the land into trust transaction by taking the Shiloh Parcel out of trust and reconveying the Shiloh Parcel to Koi Nation, and take all necessary steps, including but not limited to working with other components of the federal government or third parties, to accomplish the same." *Id.*, ¶ 6-7. The Court "retain[ed] jurisdiction of this action to ensure compliance with declaratory and other relief and for the purpose of considering any applications for costs or attorneys' fees." *Id.*, ¶ 9.

**B.    Important Events During The Litigation**

This case was actively and expeditiously litigated to judgment. Declaration of Paul P. Spaulding, III ("Spaulding Decl."), ¶ 2. In the first two months of this case, FIGR litigated a highly substantive and hotly-contested motion for a temporary restraining order ("TRO") on its NHPA claim, which was granted, and then litigated follow-on preliminary injunction ("PI") issues. *Id.* Following those matters, FIGR efficiently and swiftly postured the case for summary judgment. *Id.* The major NHPA litigation events for which FIGR seeks its fees are as follows (*id.*):

| Event/Task | Date | Dkt. No. |
| --- | --- | --- |
| FIGR files the Complaint. | November 27, 2024 | 1 |
| FIGR files its motion for a TRO, including a motion to file under seal. | December 13, 2024 | 11-20 |

Lead Case No.
3:24-cv-08582-RFL

PLAINTIFF FEDERATED INDIANS OF GRATON RANCHERIA'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES UNDER THE NHPA

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

| Event/Task | Date | Dkt. No. |
|---|---|---|
| FIGR files its Reply in support of the TRO on a 24-hour turnaround. | December 18, 2024 | 28 |
| The Court hears and grants the TRO motion. | December 20, 2024 | 29, 30 |
| At the Court's direction, FIGR files supplemental PI papers. | December 27, 2024 | 35-37 |
| FIGR files a reply in support of the PI, and supplemental briefing as ordered by the Court. | January 6 & 8, 2025 | 43, 48 |
| The Court holds oral argument on the PI motion. | January 9, 2025 | 49 |
| The Court holds a case management conference. | March 5, 2025 | 76 |
| FIGR files a Supplemental NHPA Complaint. | March 10, 2025 | 77 |
| FIGR files its MSJ and opposes Defendant's cross-motion for Summary Judgment. | May 8, 2025; June 18, 2025 | 98, 124 |
| The Court holds oral argument on the cross-motions for Summary Judgment. | July 29, 2025 | 134 |
| The Court grants FIGR's MSJ and issues judgment in FIGR's favor. | September 2, 2025; September 30, 2025 | 147, 155 |

### C.    Attorneys' Fees FIGR Is Seeking

FIGR seeks $536,081.00 in attorneys' fees, broken down as follows among the timekeepers from Shartsis Friese LLP who worked on the NHPA case *(id.*, ¶ 13):[2]

| Timekeeper | Rate (2024/2025, as appropriate) | Total Hours | Total Fees |
|---|---|---|---|
| Zeldin, Joel, Senior Counsel (50+ years) | $960 | 72.60 | $69,696.00 |
| Spaulding, Paul P., Partner (40+ years) | $935/$990 | 278.70 | $266,354.00 |
| Ward, Robert C., Partner (30+ years) | $950/$990 | 88.80 | $84,504.00 |
| Rahmil, Roey Z., Partner (14 years) | $780/$835 | 108.30 | $85,178.00 |
| Henderson, Justin T., Associate (3 years) | $625 | 10.60 | $6,095.00 |
| Van Keulen, Lindsay A., Associate (5 years) | $575 | 16.10 | $10,062.50 |

[2] FIGR is not submitting its original billing records with this Motion. Rather, as authorized by Local Rule 54-5, counsel has painstakingly identified compensable time by category after review of those records. As FIGR is "not required to record in great detail how each minute of his time was expended" but should "identify the general subject matter of his time expenditures," *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983), FIGR has met its burden. That said, if the Court so requires, FIGR will submit its bills after redacting attorney-client privileged information.

- 4 -

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

| | | | |
|---|---|---|---|
| Davenport, Lydia A., Associate (3 years) | $575/$630 | 3.80 | $2,333.50 |
| Berggren, Chris R., Paralegal | $425 | 23.80 | $10,115.00 |
| Smith, Shepherd B., Paralegal | $415 | 4.20 | $1,743.00 |
| **TOTAL** | | **606.90** | **$536,081.00** |

The specific tasks for the NHPA case are detailed below. Shartsis uses an electronic time-keeping system, and bills by the tenth of an hour. *Id.*, ¶ 7. FIGR also requires individual time entries for each task in a day rather than block billing. *Id.* While some of the work done may not neatly fit into one category or the other, FIGR has made a good-faith effort to allocate its attorney time, and no entry has been double-counted. *Id.*, ¶ 12. FIGR has paid every invoice Shartsis Friese sent it during this litigation through October 2025. *Id.*, ¶ 10.

### 1. NHPA Complaint

FIGR's counsel spent a total of 87 hours preparing the 20-page, 71-paragraph NHPA Complaint. *Id.*, ¶ 14(a). This effort required considerable factual and legal research to ensure that the NHPA claim was pleaded fully and accurately, including a full accounting of the failed Section 106 consultation conducted by Defendants. *Id.* The timekeeper hours are as follows (*id.*):

| Timekeeper | Hours | Total |
|---|---|---|
| Zeldin, Joel | 5.60 | $5,376.00 |
| Spaulding, Paul P. | 66.20 | $61,897.00 |
| Ward, Robert C. | 1.90 | $1,805.00 |
| Rahmil, Roey Z. | 2.70 | $2,106.00 |
| Henderson, Justin T. | 10.60 | $6,095.00 |
| **TOTAL** | **87.00** | **$77,279.00** |

### 2. TRO Briefing

The TRO papers were complex and substantive -- recognizing this, the Court allowed extra pages. *Id.*, ¶ 14(b). The reply brief (Dkt. No. 28) required focused effort and a 24-hour turnaround. *Id.* The TRO papers also required a motion to seal, as the supporting declarations contained culturally sensitive and confidential information regarding the location and description of tribal cultural sites and burial grounds. *Id.* (The Court granted the motion to seal. Dkt. No. 27.) The

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

timekeeper hours are as follows (Spaulding Decl., ¶ 14(b)):

| Timekeeper | Hours | Total |
|---|---|---|
| Zeldin, Joel | 13.00 | $12,480.00 |
| Spaulding, Paul P. | 43.80 | $40,953.00 |
| Ward, Robert C. | 6.30 | $5,985.00 |
| Rahmil, Roey Z. | 47.00 | $36,660.00 |
| Van Keulen, Lindsay A. | 16.10 | $10,062.50 |
| Berggren, Chris R. | 13.00 | $5,525.00 |
| **TOTAL** | **139.20** | **$111,665.50** |

### 3. Declarations In Support Of The TRO

The TRO motion was supported by six declarations, including a counsel declaration, three exceedingly detailed fact declarations (from FIGR's Chairman Greg Sarris, from an enrolled citizen and former Tribal Council member, and from its Tribal Historic Preservation Officer), and two expert declarations. *Id.*, ¶ 14(c). These declarations, which were included in the Administrative Record, formed key factual bases for the NHPA claim. *Id.* This effort also required considerable research and coordination. *Id.* The timekeeper hours are as follows (*id.*):

| Timekeeper | Hours | Total |
|---|---|---|
| Zeldin, Joel | 23.30 | $22,368.00 |
| Spaulding, Paul P. | 1.70 | $1,589.50 |
| Ward, Robert C. | 54.50 | $51,775.00 |
| Rahmil, Roey Z. | 1.00 | $780.00 |
| Berggren, Chris R. | 10.80 | $4,590.00 |
| **TOTAL** | **91.30** | **$81,102.50** |

### 4. TRO Hearing Preparation And Attendance

The TRO hearing was held on December 20, 2024. *Id.*, ¶ 14(d). Mr. Spaulding and Mr. Ward appeared on behalf of FIGR. *Id.* Although Mr. Zeldin also attended, his time is not included. The hearing was highly fact-specific and required detailed preparation. *Id.* The timekeeper hours are as follows (*id.*):

| Timekeeper | Hours | Total |
|---|---|---|
| Zeldin, Joel | 1.20 | $1,152.00 |
| Spaulding, Paul P. | 13.20 | $12,342.00 |
| Ward, Robert C. | 5.50 | $5,225.00 |
| Rahmil, Roey Z. | 3.10 | $2,418.00 |
| **TOTAL** | **23.00** | **$21,137.00** |

- 6 -

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

**5.    Preliminary Injunction Papers**

On December 27, 2024, following the Court's granting of the TRO, FIGR filed a motion for a PI and at the Court's direction, FIGR filed supplemental papers in support of its motion, a reply to Defendant's Opposition, and supplemental briefing as ordered by the Court.  *Id.*, ¶ 14(e). The timekeeper hours are as follows (*id.*):

| Timekeeper | Hours | Total |
|---|---|---|
| Zeldin, Joel | 12.80 | $12,288.00 |
| Spaulding, Paul P. | 38.70 | $37,961.00 |
| Ward, Robert C. | 8.00 | $7,600.00 |
| Rahmil, Roey Z. | 36.30 | $28,314.00 |
| Smith, Shepherd B. | 4.20 | $1,743.00 |
| **TOTAL** | **100.00** | **87,906.00** |

**6.    Preliminary Injunction Hearing Preparation And Attendance**

The PI hearing was held on January 9, 2025.  *Id.*, ¶ 14(f).  The hearing was lengthy and substantive, and required substantial preparation.  *Id.*  Mr. Spaulding and Mr. Ward appeared and argued.  *Id.*  FIGR does not seek fees for the time of Mr. Zeldin and Mr. Rahmil, who also attended. *Id.*  The timekeeper hours are as follows (*id.*):

| Timekeeper | Hours | Total |
|---|---|---|
| Zeldin, Joel | 7.80 | $7,488.00 |
| Spaulding, Paul P. | 17.20 | $16,082.00 |
| Ward, Robert C. | 8.80 | $8,360.00 |
| Rahmil, Roey Z. | 1.90 | $1,482.00 |
| **TOTAL** | **35.70** | **$33,412.00** |

**7.    Case Management And Settlement Efforts**

The NHPA case required case management efforts, including schedule coordination with the Defendants and the Court.  *Id.*, ¶ 14(g).  Furthermore, FIGR participated in the Court-mandated ADR process in January and February 2025.  *Id.*  The timekeeper hours are as follows (*id.*):

| Timekeeper | Hours | Total |
|---|---|---|
| Zeldin, Joel | 0.20 | $192.00 |
| Spaulding, Paul P. | 25.30 | $23,655.50 |
| Ward, Robert C. | 0.20 | $190.00 |
| Rahmil, Roey Z. | 3.50 | $2,730.00 |
| Davenport, Lydia A. | 1.10 | $632.50 |
| **TOTAL** | **30.30** | **$27,400.00** |

### 8. Research, Preparation, And Filing Of The Supplemental NHPA Complaint

After the Shiloh Parcel was taken into trust, FIGR prepared and filed a Supplemental NHPA Complaint based on events that occurred after the original Complaint was filed. *Id.*, ¶ 14(h). The timekeeper hours are as follows (*id.*):

| Timekeeper | Hours | Total |
|---|---|---|
| Zeldin, Joel | 1.90 | $1,824.00 |
| Spaulding, Paul P. | 18.40 | $18,216.00 |
| Ward, Robert C. | 0.60 | $594.00 |
| Rahmil, Roey Z. | 0.30 | $250.50 |
| Davenport, Lydia A. | 2.70 | $1,701.00 |
| **TOTAL** | **23.90** | **$22,585.50** |

### 9. Summary Judgment Briefing And Hearing Attendance

The summary judgment briefing -- both the opening brief and the opposition/reply -- was a joint effort between Shartsis Friese and the Milbank firm. Spaulding Decl., ¶ 14(i). Shartsis Friese focused on the NHPA claim, and FIGR only seeks time for that portion of the total briefing effort. *Id.* In addition, Mr. Spaulding prepared for and attended the MSJ hearing on FIGR's behalf and was ready to address any questions or issues relating to NHPA matters. *Id.* The timekeeper hours are as follows (*id.*):

| Timekeeper | Hours | Total |
|---|---|---|
| Zeldin, Joel | 6.80 | $6,528.00 |
| Spaulding, Paul P. | 54.20 | $53,658.00 |
| Ward, Robert C. | 3.00 | $2,970.00 |
| Rahmil, Roey Z. | 12.50 | $10,437.50 |
| **TOTAL** | **76.50** | **$73,593.50** |

### D. FIGR's Fees In Connection With This Motion.

In addition, FIGR incurred $57,326 in fees in connection with this motion, including identifying recoverable time entries and researching and drafting these papers and the supporting documentation. *Id.*, ¶ 16. The timekeeper hours are as follows (*id.*):

- 8 -

| Timekeeper | Hours | Total |
|---|---|---|
| Spaulding, Paul P. III | 30.00 | $29,700 |
| Rahmil, Roey Z. | 20.00 | $16,700 |
| Davenport, Lydia A. | 10.70 | $6,741 |
| Berggren, Christopher R. | 9.30 | $4,185 |
| **TOTAL** | **70.00** | **$57,326** |

### E.    Recoverable Costs

FIGR seeks to recover the expert fees charged by Alex DeGeorgey, a professional archaeologist who submitted an expert declaration analyzing and commenting on Defendants' cultural resource compliance studies in support of the TRO application. *Id.*, ¶ 15 & Ex. _. Those fees total $7,929.83. *Id.*

### F.    Attorneys' Fees And Expert Costs FIGR Is *Not* Seeking

FIGR seeks no fees in connection with the second-filed complaint, which included a NEPA cultural resource impact claim, and does not seek to recover by this Motion all of the attorneys' fees and costs it incurred in the NHPA case. *Id.*, ¶ 3. It has excluded from this Motion the following potentially recoverable fees and costs:

Submissions at the administrative stage. FIGR is not seeking to recover the substantial attorneys' fees and expert costs it incurred in providing detailed comments on NHPA consultation failures and other issues raised by the Draft Environmental Impact Statement (July/August 2024) or the Final Environmental Impact Statement (December 2024) prepared by Defendants. *Id.*, ¶ 11(a). Nor is it seeking recovery for any other comment letters or reports submitted to Defendants prior to litigation. *Id.*

Chaudhuri expert costs. FIGR is not seeking expert fees for Jonodev Chaudhuri, a former U.S. Department of the Interior and National Indian Gaming Commission official who submitted an expert declaration in connection with the TRO. *Id.*, ¶ 11(b).

The Milbank firm. In March 2025, the law firm Milbank LLP associated as co-litigation counsel for FIGR. *Id.*, ¶ 11(c). Despite the fact that Milbank assisted with the NHPA claims thereafter, FIGR does not seek to recover any of Milbank's attorneys' fees. *Id.*

Koi Nation's motions to intervene and dismiss. FIGR is not seeking to recover any fees for

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

opposing Koi Nation's motions to intervene and dismiss. *Id.*, ¶ 11(d).

FIGR's outside counsel. FIGR is represented by the Maier Pfeffer Kim Geary & Cohen LLP firm, an Indian law specialist firm, as outside general counsel. *Id.*, ¶ 11(e). FIGR is not seeking to recover any of their fees associated with their work on NHPA issues. *Id.*

**G.    FIGR's Litigation Team**

Shartsis Friese staffed this matter appropriately given the stakes and complexity of the litigation. *Id.*, ¶ 6. While a core team of one senior counsel and three partners were responsible for most of the firm's substantive work product, research and other drafting tasks were delegated to associates and a paralegal as needed. *Id.*, ¶ 6(a).

Joel Zeldin. Mr. Zeldin was admitted to practice in 1972, and had more than 50 years of litigation experience when this case was litigated. *Id.*, ¶ 4(b). He was a Senior Counsel (and former partner) of Shartsis Friese during this case. *Id.* Prior to this case, he had represented FIGR in several high-stakes arbitrations. Mr. Zeldin provided strategic advice, reviewed and edited filings, was involved in drafting fact witness declarations during the TRO and PI stages, and assisted with hearing preparation. *Id.*, ¶ 6(a). Mr. Zeldin's hourly rate was $960. *Id.*, ¶ 4(b).

Paul P. ("Skip") Spaulding, III. Mr. Spaulding, a partner, led the Shartsis Friese litigation team. *Id.*, ¶ 4(a). Mr. Spaulding is a seasoned litigation attorney and has over 35 years of environmental litigation experience. *Id.*, ¶¶ 2 & 4(a). Mr. Spaulding spearheaded FIGR's strategy and was a primary author of all of the briefing on the NHPA action. *Id.*, ¶ 6(a). In addition, Mr. Spaulding argued the TRO and the PI motions, and would have addressed any NHPA issues at oral argument on the MSJ if required. *Id.* Mr. Spaulding's hourly rate was $935 in 2024 and $990 in 2025. *Id.*, ¶ 4(a).

Robert Charles Ward. Mr. Ward, also a partner, is an experienced trial lawyer who has been practicing since 1992. *Id.*, ¶ 4(c). Mr. Ward played a key role in developing the facts underlying the TRO and PI. *Id.*, ¶ 6(a). Mr. Ward argued the PI motion with Mr. Spaulding and remained involved during the subsequent briefing. *Id.* Mr. Ward's hourly rate was $950 in 2024 and $990 in 2025. *Id.*, ¶ 4(c).

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

- 10 -

<u>Roey Z. Rahmil</u>.  Mr. Rahmil is a litigation partner who has been practicing since 2010.  *Id.*, ¶ 4(d).  Mr. Rahmil assisted with the briefing at the PI, TRO, and MSJ stages, as well as other case management issues, and worked on this fee motion.  *Id.*, ¶ 6(a).  Mr. Rahmil's hourly rate was $780 in 2024 and $835 in 2025.  *Id.*, ¶ 4(d).

<u>Lindsay A. van Keulen</u>.  Ms. van Keulen is an associate who has been practicing since 2019.  *Id.*, ¶ 4(e).  Ms. van Keulen assisted primarily with the motion to seal.  *Id.*, ¶ 6(b).  Ms. van Keulen's hourly rate was $625.  *Id.*, ¶ 4(e).

<u>Lydia A Davenport</u>.  Ms. Davenport is an associate who has been practicing since 2021. *Id.*, ¶ 4(f).  Ms. Davenport assisted with research and briefing issues.  *Id.*, ¶ 6(b).  Ms. Davenport's hourly rate was $575 in 2024 and $630 in 2025.  *Id.*, ¶ 4(f).

<u>Justin T. Henderson</u>.  Mr. Henderson is an associate who has been practicing since 2021. *Id.*, ¶ 4(g).  Mr. Henderson assisted with research and briefing issues.  *Id.*, ¶ 6(b).  Mr. Henderson's hourly rate was $575.  *Id.*, ¶ 4(g).

<u>Christopher Berggren</u>.  Mr. Berggren is a paralegal with more than 11 years of experience. *Id.*, ¶ 4(h).  Mr. Berggren assisted with every aspect of the NHPA case, including assembling, cite-checking, and otherwise ensuring the quality and completeness of various filings.  *Id.*, ¶ 6(c).  During this case, Mr. Berggren's hourly rate was $425.  *Id.*, ¶ 4(h).

<u>Shepherd Smith</u>.  Mr. Smith is a paralegal with more than 18 years of experience.  *Id.*, ¶ 4(i).  Mr. Smith assisted with filings.  *Id.*, ¶ 6(c). Mr. Smith's hourly rate was $415.  *Id.*, ¶ 4(i).

## III.    LEGAL ARGUMENT

### A.    FIGR Is Entitled To Recover Its Attorneys' Fees Because It Substantially Prevailed.

The NHPA contains a provision that authorizes the recovery of attorneys' fees as follows: "In any civil action brought in any United States district court by any interested person to enforce this division, if the person substantially prevails in the action, the court may award attorney's fees, expert witness fees, and other costs of participating in the civil action, as the court considers reasonable."  54 U.S.C. § 307105.  To recover, a litigant must demonstrate that it substantially

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

- 11 -

prevailed and that the fees it seeks are reasonable.

A person that "substantially prevails" means the "prevailing party." *Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.*, 356 F.3d 444, 450-51, n.3 (2d Cir. 2004). ("We recently concluded that the terms 'prevailing party' and 'substantially prevails' are fundamentally the same for purposes of determining whether a plaintiff can recover under a fee-shifting statute."); *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1099 (9th Cir. 2005) ("[W]e agree that the attorney's fees language evinces congressional intent to cover the costs of those who prevail in a suit under the statute."). Courts interpret "prevailing party" status as occurring when a court order "chang[es] the legal relationship between [the plaintiff] and the defendant" or causes "a material alteration of the legal relationship of the parties." *Pres. Coal. of Erie Cnty.*, 356 F.3d at 452 (adopting First Circuit's "broader" interpretation of prevailing party).

FIGR is the prevailing party in the NHPA case. FIGR succeeded in prevailing on the merits of its NHPA case and claim when the Court issued an order granting in part FIGR's MSJ on September 2, 2025. *See* Dkt. No. 147. FIGR's purpose in pursuing this action was to ensure that Defendants complied with their statutory duties under the NHPA in evaluating the proposed Koi Nation casino project on the Shiloh Parcel. The record clearly demonstrates that FIGR succeeded in obtaining relief that requires Defendants to do so. Therefore, the Court's summary judgment order was "a material alteration of the legal relationship of the parties," and FIGR, which was successful in obtaining a court order that requires Defendants to comply with their statutory duties to FIGR regarding the Shiloh Parcel, is the substantially prevailing party. *Pres. Coal. of Erie Cnty.*, 356 F.3d at 452. As such, FIGR is entitled to attorneys' fees under the NHPA.

As to the fees associated with this Motion, "'[t]he law is well established that, when fees are available to the prevailing party, that party may also be awarded fees on fees, i.e., the reasonable expenses incurred in the recovery of its original costs and fees.'" *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990) (quoting *General Fed'n of Women's Clubs v. Iron Gate Inn, Inc.*, 537 A.2d 1123, 1129-1130 (D.C. App. 1988)); *see also Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), *vacated in part*, 984 F.2d 345 (9th Cir. 1993) ("time spent by counsel

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

- 12 -

in establishing the right to a fee award is compensable.")

## B.     FIGR's Fees Were Reasonable.

The NHPA provides for an award of attorneys' fees and other costs "as the court considers reasonable." 54 U.S.C. § 307105. The Ninth Circuit uses the "lodestar method" in determining the reasonableness of attorneys' fees, which "requires the court to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Seachris v. Brady-Hamilton Stevedore Co*., 994 F.3d 1066, 1076 (9th Cir. 2021). "A reasonable attorney's fee is one that is adequate to attract competent counsel." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). Counsel must be "awarded fees commensurate with those which they could obtain by taking other types of cases," and those fees must be "sufficient to induce a capable attorney to undertake the representation of a meritorious ... case." *Id.* (citations omitted).  "To ensure adequate compensation, hourly rates are to be calculated according to the prevailing market rates in the relevant community," meaning "rates charged to clients of private law firms."   *Id.* (internal quotation omitted).  A "reasonable number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotations and citations omitted).

### 1.     Shartsis Friese's Rates Are Reasonable.

"We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011); *see also  Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir. 2007) ("[B]illing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.") (citations and quotation marks omitted).   Shartsis Friese's hourly rates are commensurate with prevailing market rates, and FIGR paid the same rates as do Shartsis Friese's other paying clients.  FIGR has submitted a declaration from Shartsis Friese's Chief Operating Officer, citing a survey that establishes the 90th, 75th, and 50th percentile rates for firms with

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

Lead Case No.
3:24-cv-08582-RFL

PLAINTIFF FEDERATED INDIANS OF GRATON
RANCHERIA'S NOTICE OF MOTION AND MOTION FOR
ATTORNEYS' FEES UNDER THE NHPA

between 50 and 150 attorneys in the San Francisco market:

| Position | 90th | 75th | 50th |
|---|---|---|---|
| Partner | $1,210 | $1,055 | $965 |
| Associate | $865 | $720 | $675 |
| Paralegal | $518 | $495 | $458 |

Declaration of James M. Schwarz, ¶ 4.

In comparison, the partners' hourly rates were $780-$990, the associates' rates were $575-$630, and the paralegals' hourly rates were $415-$425. *See* Spaulding Decl., ¶ 4. Thus even the most senior lawyers on the team, with between 30 and 50 years of complex and specialized environmental and other litigation experience, have hourly rates below the 75th percentile, as do the other partners, associates and paralegals. Given counsel's specialization and experience, this survey establishes that their rates are quite reasonable in the San Franciso market.

FIGR has also submitted a Declaration from Victor M. Sher, an accomplished environmental lawyer, who opines that Shartsis Friese's rates are reasonable, particularly in light of Mr. Spaulding's considerable experience as a plaintiff's lawyer in these types of environmental cases. Declaration of Victor M. Sher, ¶¶ 7-9; *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (declarations of attorneys regarding the prevailing market rate in the community may be sufficient to establish reasonable hourly rate).

### 2.     Shartsis Friese Worked Efficiently.

FIGR staffed and litigated this case efficiently, but commensurate with the importance and complexity of FIGR's fight to protect its history. Mr. Zeldin, the senior lawyer on the team, managed the client relationship and provided strategic advice. Spaulding Decl., ¶ 6(a). Mr. Spaulding, the lead litigator, made key decisions, developed FIGR's strategy in consultation with the client, handled substantive briefing and oral argument, and worked with Robert Ward (a senior partner) to develop the facts and with Mr. Rahmil (a junior partner) on the drafting. *Id.* Given the compressed briefing schedule during the first two months of this case, FIGR needed to leverage the experience of the core litigation team (and, on MSJ briefing, FIGR took advantage of the team's case-specific knowledge and experience). *Id.* The team used associate support for research and

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

- 14 -

drafting assistance, and paralegals for organizing the large and complex filings. *Id.*, ¶ 6(b).

In summary, Shartsis Friese coordinated closely with the client at every step and, despite the complex and hotly-contested nature of the litigation, FIGR prevailed on its case/claim against Defendants only ten months after this case was filed. There should be no dispute that this case was litigated efficiently.

## IV.    CONCLUSION

For the foregoing reasons, FIGR respectfully requests that the Court award it $601,336.83 in total fees and costs, composed of $536,081 is attorneys' fees and $7,929.83 in expert costs, and $57,326.00 in connection with this Motion, for prevailing on its NHPA claim and case. FIGR will provide evidence of its fees incurred in connection with the reply brief and anticipated oral argument with its reply papers.

DATED:  December 29, 2025                    SHARTSIS FRIESE LLP


                                             */s/ Paul P. Spaulding, III*
                                             By:      PAUL P. "SKIP" SPAULDING, III

                                             Attorneys for Plaintiff FEDERATED INDIANS
                                             OF GRATON RANCHERIA

10747458

SHARTSIS FRIESE LLP
425 MARKET STREET
ELEVENTH FLOOR
SAN FRANCISCO, CA 94105-2496

- 15 -