ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

SARA E. COSTELLO (KS Bar No. 20898)
Senior Trial Attorney
AMANDA K. RUDAT (ME Bar No. 010329)
Trial Attorney
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0484 (Costello)
(202) 532-3201 (Rudat)
sara.costello2@usdoj.gov
amanda.rudat@usdoj.gov

*Counsel for Federal Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERATED INDIANS OF GRATON RANCHERIA,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>        Federal Defendants. | Case Nos. 3:24-cv-8582-RFL, 3:25-cv-1640-RFL (Consolidated)<br><br>**Federal Defendants' Response to the Supplemental Declaration of Paul P. Spaulding, III, in Support of Plaintiff's Motion for Attorneys' Fees** |

FIGR's attorneys' billing records, Dkt. Nos. 188-1 and 188-2, evidence several issues with the hours for which FIGR seeks fees, including a number of problems Federal Defendants flagged as potentially being present. Dkt. No. 177 ("Fed. Defs.' Resp."). There are multiple overarching issues, in addition to those specific to certain phases of litigation.[1]

## I.    Overarching Issues

### A.    Vagueness and Block Billing

Billing records should describe "the services rendered" with enough specificity to enable the Court to "determine if the time spent was 'excessive, redundant, or otherwise unnecessary.'" *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 20-cv-04482, 2022 WL 267407, at *8 (N.D. Cal. Jan. 28, 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Block billing combines multiple tasks into one time entry, "mak[ing] it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Both issues are grounds for a reduction in hours. *See, e.g.*, *Murphy v. Celestron Acquisition, LLC*, No. 20-cv-03642, 2024 WL 1221963, at *4-6 (N.D. Cal. Mar. 20, 2024).

Many billing entries present one or both of these problems. Several vaguely reference "work on" or "attention to" various matters, such as a 16 hour block for "Work on Summary Judgment Papers related to NHPA."[2] 5/1/2025 Spaulding Entry; *see also, e.g.*, 12/15/2025 to 12/19/2025 Rahmil Entries; 11/21/2024 (regarding complaint and Chaudhuri declaration), 11/27/2024 (regarding Sarris declaration) Ward Entries.[3] This obscures what work was done, and thus whether the time spent was reasonable and whether the work could have been done by someone with a lower hourly rate. "Work on finalizing declarations," 12/11/2024 Ward Entry, for example, could potentially refer to paralegal-appropriate work or clerical work. *See infra* at 3.

Other entries, in addition to sometimes being vague, are block-billed. For example, entries repeatedly report some combination of research for, preparing, revising, and/or "expanding"

---

[1] One entry miscalculates hours multiplied by hourly rate, resulting in an overcalculation of fees by $1,776.50. 12/31/2024 Spaulding Entry.

[2] Mr. Spaulding's June 17, 2026 declaration does not enable meaningful review of this entry.

[3] Like other citations providing examples, this is not intended to be an exhaustive list of relevant entries.

materials. *See, e.g.*, 11/19/2024, 12/10/2024, 12/26/2024, 12/27/2024, 1/4/2025 Spaulding Entries; 1/3/2025, 1/4/2025 Rahmil Entry; 12/10/2024 Van Keulen Entry; *see also Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004) (rejecting entries for "[r]esearch and writing for appellate brief" as inadequate). Other entries combine work on more than one document or do not specify what is being worked on. *See, e.g.*, 11/25/2024, 12/13/2024 Zeldin Entries (regarding declarations); 12/22/2025, 12/26/2025, 12/29/2025 Spaulding Entries.

## B.    Partners Performing Work Appropriate for Associates or Paralegals

Partners did not "limit their involvement to tasks requiring their level of expertise" in this case.[4] *CoreCivic Inc. v. Candide Grp. LLC*, No. C-20-03792, 2021 WL 1267259, at * 7 (N.D. Cal. Apr. 6, 2021) (quoting *Wynn v. Chanos*, No. 14-CV-04329, 2015 WL 3832561, at *3 (N.D. Cal. June 19, 2015)). This is grounds for a reduction in fees. *See Murphy*, 2024 WL 1221963, at *6 (where partners "conducted over half" of hours billed on relevant motion, "the Court t[ook] issue with the disproportionate partner time" and noted "[t]t appear[ed] that senior partners were performing work that associates are ordinarily given the opportunity to conduct, such as initial drafting and research").

While FIGR's attorneys' records reflect billing by three associates, more than 93% of reported attorney hours (89% of all hours) were by partners. Associates did not bill a single hour to research for, drafting, or otherwise assisting with declarations, preliminary injunction papers, or summary judgment papers. Federal Defendants count one 0.6 hour block-billed entry by an associate that includes work on TRO papers other than the motion to seal. 12/9/2024 Van Keulen Entry. And while associates did some research prior to filing the complaint, they do not appear to have been involved in drafting the complaint. At least some, if not a significant bulk, of this work could have been done by less senior attorneys. *See, e.g.*, 11/18/2024, 12/3/2024 Spaulding Entries; 12/9/2024 Rahmil Entry; 12/10/2024 Ward Entries; 1/5/2025 Zeldin Entry. Associates also did not bill any time to preparing for arguments, while multiple partners billed time to prepare for each. *See, e.g.*, 12/19/2024 Rahmil Entry (preparing outline for arguing partner). Partners also billed

---

[4] Federal Defendants use the term "partner" as encompassing senior counsel.

time for preparing notices and proposed orders and document review for FIGR's fee motion, which could have been done by associates if not paralegals. *See, e.g.*, 12/11/2024, 12/26/2024, 12/24/2025 Rahmil Entries; 9/24/2025, 9/25/2025, 9/26/2025, 12/29/2025 Spaulding Entries.

Some work performed by attorneys also could have been performed by paralegals or is not reimbursable at all. For example, a partner billed at least 3.3 hours at $950 an hour to build a chronology of BIA correspondence. 12/4/2024, 12/5/2024 Ward Entries. Other entries report partners doing what appears to be essentially cite-checking. *See, e.g.*, 12/9/2024 ("Review all declarations for conformity"), 12/11/2024 ("Cross-check McQuillen exhibits"), 12/12/2024 Ward Entries. The "dollar value" of such work "is not enhanced just because a lawyer does it." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). The Ninth Circuit has also affirmed reduction of fees for "purely clerical tasks such as filing documents and preparing and serving summons." *Neil v. Comm'r Soc. Sec. Admin.*, 495 F. App'x. 845, 847 (9th Cir. 2012). The court should deduct time billed for preparing a summons and discussing filing logistics. *See, e.g.*, 11/27/2024, 12/18/2024, 3/10/2025, 12/29/2025 Spaulding Entries; 12/12/2024 Rahmil Entry; 12/12/2024 Bergen Entry.

## II.    Issues Regarding Specific Phases of Litigation

### A.    Complaint

FIGR's attorneys' billing records confirm that spending 87 hours on a complaint of less than 20 pages was unreasonable. *See* Dkt. No. 1. A significant number of hours were spent on what appears to be background research and pre-complaint client memoranda. *See, e.g.*, 10/30/2024 to 11/5/2024, 11/8/2024 to 11/14/2024 Entries; *see also Dem. Party of Wash. v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (contrasting "general background" research with research for preparation of a filing). There also appears to have been excessive reviewing and revising of documents. Records reflect that there was a draft complaint by November 20, but partners billed 48.5 hours labeled as "NHPA Complaint" after it was circulated. It was not reasonably necessary to have three partners spend approximately 9 hours reviewing multiple iterations of a complaint drafted by a fourth partner. *See Carpenters Pension Trust Fund for N. Cal. v. Walker*, 12-cv-01447, 2015 WL 1050479, at *2 (N.D. Cal. Mar. 9, 2015) (applying a 10% reduction for overstaffing and noting the court did not "understand why it took four lawyers to draft [a] motion for summary judgment");

*Rosenfeld v. U.S. Dep't of Justice*, 904 F. Supp. 2d 988, 1006-07 (N.D. Cal. 2012). The time additional reviewers spent providing input is accompanied by significant time reviewing and incorporating input. *See* 11/22/2024, 11/25/2024, 11/26/2024, 11/27/2024 Spaulding Entries.

### B.    Declarations

Numerous block-billed and vague entries in this category impede evaluation of what declarations were being worked on in a given entry and for how long. Still, a few issues are apparent. First, FIGR should not receive reimbursement for time spent on Mr. Chaudhuri's declaration (at least 6.5 hours). His declaration simply vouched for FIGR's NHPA arguments, Dkt. No. 15, and "federal courts typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005). Second, for the same reasons FIGR should not receive expenses for Mr. DeGeorgey's report, they should not receive attorney's fees for it (at least 5 hours). Fed. Defs.' Resp. at 13-15. Third, it was unreasonable for two partners to spend nearly 28 hours (not including block-billed and vague entries) on Chairman Sarris's 16-paragraph declaration. Dkt. No. 16.

### C.    TRO and PI Papers

The vagueness of many entries in FIGR's attorneys' records means it is still difficult to evaluate overlap. But spending what appears to be approximately 70 attorney hours preparing the TRO motion seems excessive given the time records reflect was spent on legal and factual research in assessing the potential case, preparing the complaint, and preparing declarations. And here too, overstaffing resulted in a significant amount of reviewing. Mr. Zeldin's 8.2 hours on the TRO motion, for example, appear to be entirely review activities or conferencing. Records also reflect that three partners and an associate billed 20 hours on a four-page motion to seal, an unreasonable amount of time for a simple procedural motion. Dkt. No. 11. Likewise, spending 26 hours on a preliminary injunction brief that was less than eight pages and contained little new legal argument and accompanying declarations totaling five paragraphs appears excessive. Dkt. Nos. 35-37.

### D.    Supplemental Complaint

It was not reasonable for four partners and an associate to spend a collective 23.90 hours

supplementing the complaint simply to challenge the agency's Record of Decision. Dkt. No. 78. Attorneys billed several hours conducting factual and legal research, for instance, but it is not clear what factual or legal research there was to do. Federal Defendants had filed the Record of Decision on the docket. Dkt. No. 62-1. And there was no contested legal issue regarding amendment; the parties had agreed FIGR would file an amended or supplemental complaint. *See* Dkt. No. 71.

### E.     Summary Judgment

FIGR's attorneys' records reflect that they spent 38.5 hours preparing for and attending the summary judgment argument. This seems excessive given counsels' familiarity with FIGR's NHPA claim at this point and the short amount of time since conclusion of briefing. Further, more than 20 of these hours were expended after the Court issued a notice of questions that did not touch on the NHPA. Dkt. No. 130. The only summary judgment entry after July 24 that references the NHPA is a block-billed entry that also includes preparation regarding the National Environmental Policy Act. *See* 7/25/2026 to 7/29/2026 Entries. Entries not tied to the NHPA warrant reduction.

### F.     Motion for Attorneys' Fees

Finally, it was unreasonable to spend 70 hours (much less 88.40) preparing a simple fee motion. *Compare* Dkt. No. 188-2 *with* Dkt. No. 169 at 8-9. Federal Defendants count more than 27 hours of entries including research and associated analysis and conferencing (some entries are block billed, a flaw in FIGR's attorneys' recordkeeping). But FIGR's motion only contained approximately three and a half pages of legal argument on non-novel issues. Dkt. No. 169 at 11-15. And while impossible for Federal Defendants to tell with any certainty, it appears that FIGR's attorneys may have also been researching something other than NHPA fees (one possibility being fee recovery under a different statute, time on which would not be recoverable here). *See* 9/10/2025 to 9/15/2025 Davenport Entries; 9/8/2025, 9/10/2025 Spaulding Entries. A significant amount of time appears to have also been spent preparing and revising the motion itself. FIGR's attorneys also billed 4.7 hours clearly related to the Sher Declaration, in addition to 11.9 hours of block-billed entries referencing multiple declarations. *See* 12/19/2025, 12/22/2025, 12/29/2025 Spaulding Entries. Time on the Sher Declaration should not be reimbursed for the reasons discussed in Federal Defendant's response to FIGR's motion. *See* Fed Defs.' Resp. at 10.

Respectfully submitted this 1st day of July, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

s/ *Amanda K. Rudat*
SARA E. COSTELLO
Senior Trial Attorney
AMANDA K. RUDAT
Trial Attorney
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0484 (Costello)
(202) 532-3201 (Rudat)
sara.costello2@usdoj.gov
amanda.rudat@usdoj.gov