UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERATED INDIANS OF GRATON RANCHERIA,<br>Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br>Defendants. | Case No. 24-cv-08582-RFL<br>**ORDER DENYING MOTION FOR STAY AND GRANTING MOTION FOR ATTORNEYS' FEES UNDER THE NATIONAL HISTORIC PRESERVATION ACT**<br>Re: Dkt. Nos. 169, 177 |

Plaintiff Federated Indians of Graton Rancheria ("FIGR") sued several federal officials for violating the tribal consultation requirements of the National Historic Preservation Act ("NHPA") for the proposed Koi Nation casino project on FIGR's ancestral land. The Court has since granted FIGR's temporary restraining order ("TRO") motion; denied without prejudice FIGR's preliminary injunction motion; granted FIGR summary judgment on the NHPA claim; and, on the NHPA claim, entered judgment in FIGR's favor. FIGR now moves for attorneys' fees and certain expert costs under the attorneys' fees provision of the NHPA. Federal Defendants argue that the motion should be stayed pending resolution of appellate proceedings from the final judgment in this case as well as proposed intervenor Koi Nation's appeal. Alternatively, if the motion goes forward, Federal Defendants argue that the fees should be reduced. For the reasons described below, Federal Defendants' motion for stay is **DENIED** and FIGR's motion for attorneys' fees is **GRANTED** as modified below. This order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and the parties' arguments.

## I. FEDERAL DEFENDANTS' MOTION FOR STAY

Federal Defendants move to stay consideration of FIGR's attorneys' fees motion pending resolution of the ongoing appeals in this case. (*See* Dkt. Nos. 128, 156, 165, 166). Since filing, Federal Defendants have voluntarily dismissed their appeal. (Dkt. No. 185.) But Federal Defendants have not withdrawn their stay motion, presumably because Koi Nation's appeal remains pending. (*See* Dkt. No. 177 at 9 (all citations refer to ECF pagination).)

Federal Defendants have not shown that such a stay is warranted. Courts assess four factors when deciding whether to stay awarding attorneys' fees pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). No showing has been made as to the likelihood of Koi Nation's success on the merits. Denial is warranted on that basis alone. *See Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) ("[I]n order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits.").

The remaining factors do not save Federal Defendants' motion. Neither side has shown that it will suffer irreparable or substantial injury. Nor have Federal Defendants shown that a stay will advance the public interests. The administration of justice is instead best advanced by proceeding on FIGR's motion while the underlying litigation is fresh. *See P2i Ltd. v. Favored Tech USA Corp.*, No. 23-CV-01690-AMO, 2025 WL 3539260, at *2 (N.D. Cal. Dec. 10, 2025). Federal Defendants' request to stay FIGR's attorneys' fees motion is **DENIED**.

## II. FIGR'S MOTION FOR ATTORNEYS' FEES

The NHPA provides that "the court may award attorney's fees, expert witness fees, and other costs of participating in the civil action, as the court considers reasonable" to any party who "substantially prevails" in an action to enforce the NHPA. 54 U.S.C. § 307105. There is no dispute that FIGR has substantially prevailed on its NHPA claim. (*See* Dkt. No. 177 at 12; *see*

*also* Dkt. No. 155.) The only disputes go to the reasonableness of FIGR's request.[1] First, Federal Defendants lodge several overarching objections to FIGR's requested fees. Second, Federal Defendants object to the claimed fees associated with specific litigation phases and filings. And finally, Federal Defendants object to FIGR's expert witness costs.

**A. Overarching Objections**

Federal Defendants argue that the overall fees should be reduced because: (1) certain time entries are block billed and confoundingly vague; (2) FIGR's associate and paralegal rates are excessive; and (3) partners performed a disproportionate amount of the work, including work typically reserved for associates and paralegals. [2]

***Block Billing and Vague Entries.*** Block billing often "makes it more difficult to determine how much time was spent on particular activities" and thus the reasonableness of the hours spent. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). But few of the entries here are truly block billed. Federal Defendants point, for example, to entries stating "prepare, revise and expand Section 106 complaint" (Nov. 19, 2024 Spaulding Entry) and "Conduct legal research regarding motion to seal confidential documents in support of temporary restraining order filing; draft and revise motion to seal and accompanying papers" (Dec. 10, 2024 Van Keulen Entry). While these entries do include multiple tasks, the tasks are closely related, and it is not "impossible to determine how efficiently it has staffed this case and completed the various tasks that were integral to its success." *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968–69 (N.D. Cal. 2014). Other challenged entries additionally clarify within the description how the time was expended. (*See, e.g.*, Nov. 25, 2024 Zeldin Entry; Dec. 22, 2025 Spaulding Entry). Accordingly, the requested fees will not be reduced for block billing.

[1] Federal Defendants initially argued that FIGR had not met its burden of providing detailed time records. (*See* Dkt. No. 177 at 12.) The Court subsequently ordered FIGR to provide detailed billing records, which it has since produced. (Dkt. Nos. 186, 188). The parties have also completed supplemental briefing on these records. (Dkt. Nos. 189, 190).

[2] Federal Defendants note, and FIGR does not dispute, that there was an arithmetic error in the Dec. 31, 2024 Spaulding Entry, which resulted in a $1,776.50 overcalculation. (*See* Dkt. No. 189 at 2 n.1; Dkt. No. 190 at 2 n.1.) That overcalculation will be deducted.

Nor will there be a reduction for vagueness. Federal Defendants point to several entries that generally reference "work on" or giving "attention to" certain matters. (*See, e.g.*, Dec. 19, 2025 Rahmil Entry). But again, none of the challenged entries are so vague as to make it impossible to determine how the case was staffed or to determine the reasonableness of the hours sought. And to the extent Federal Defendants are concerned that the vagueness obscures work done on issues beyond the NHPA, counsel has sworn that "FIGR only seeks recovery of the attorneys' fees and limited expert costs relating to the NHPA case." (Dkt. No. 170 at ¶ 3.)

***Associate and Paralegal Rates.*** Federal Defendants next argue that the rates charged for associate and paralegal work are unreasonable. Three associates worked on this case: Henderson, who has three years of experience and charged an hourly rate of $575; Van Keulen, who has five years of experience and charged an hourly rate of $625; and Davenport, who has three years of experience and charged an hourly rate of $575 in 2024 and $630 in 2025. (Dkt. No. 170 at ¶¶ 4, 13.)[3] Two paralegals charged rates of $415–425 per hour. (*Id.*)

Reasonable rates are determined by "identifying the relevant community," and by explaining "the prevailing hourly rate in that community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The "relevant community" is typically the "forum in which the district court sits." *Id.* To prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," parties may submit "affidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases." *Id.* at 980 (cleaned up). "It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019).

[3] The "Rate" column in Paragraph 13 of Spaulding's Declaration (Dkt. No. 170) incorrectly states that Henderson's rate was $625 while Van Keulen's rate was $575. However, the "Total Fees" column uses the appropriate rates. For example, the Total Fees claimed for Henderson is $6,095 which is the product of 10.60 hours multiplied by $575 (the appropriate rate), not $625 (the incorrectly listed rate).

FIGR has appropriately supported its claimed rates. First, FIGR submitted an affidavit from Victor M. Sher, a San Francisco attorney with 45 years of legal experience and specialized knowledge in environmental litigation. (Dkt. No. 171 at ¶¶ 1, 5.) Sher declares that the associates' hourly rates "are at or below prevailing market rates in San Francisco for associates with this level of experience." (*Id.* ¶ 12.) Second, FIGR submitted an affidavit by the Chief Operating Officer at Shartsis Friese LLP, James M. Schwarz, who states that the firm "relies on a survey of San Francisco Bay Area law firm billing rates conducted by Armanino LLP" in assessing its fee rates. (Dkt. No. 172 ¶ 3.) Schwarz declares that the 2025 Armanino survey found the followingly hourly rate percentiles among San Francisco law firms:

| Position | 90th | 75th | 50th |
|---|---|---|---|
| **Partner** | $1,210 | $1,055 | $965 |
| **Associate** | $865 | $720 | $675 |
| **Paralegal** | $518 | $495 | $458 |

(*Id.* ¶ 4.) FIGR's rates all fall below the 50th percentile as reported by the Armanino survey. Although Federal Defendants argue that lower fees have been approved in other cases, they do not present evidence showing FIGR's rates are unreasonable or otherwise contradicting FIGR's declarations. FIGR has met its burden to show that its requested rates are reasonable, and Federal Defendants have not overcome that showing.

***Partner Staffing.*** It is true that partners conducted nearly all of the work for which FIGR seeks fees. (*See* Dkt. No. 170 at ¶ 13.) However, courts "may not attempt to impose [their] own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008). Courts must focus on "[t]he difficulty and skill level of the work performed, and the result achieved—not whether it would have been cheaper to delegate the work to other attorneys." *Id.* at 1115. Given the pace and complexity of this action, the level of partner involvement is reasonable. Ensuring consistency of the facts in declarations and the chronology of events are also important litigation tasks reasonably performed by partners. No general deductions will be applied for the delegation of tasks to partners or the percentage of

work partners completed.

### B. Litigation Phase Objections

Turning to the litigation phase objections, Federal Defendants argue that FIGR spent an unreasonable amount of time on the (1) complaint; (2) TRO and preliminary injunction motions; (3) declarations submitted in support of these motions; (4) supplemental complaint; (5) summary judgment motion; and (6) attorneys' fees motion. None of these arguments are availing.

***Complaint.*** Billing records show that FIGR spent 87 hours working on the Complaint. (Dkt. No. 170 ¶ 14.) Federal Defendants argue that these hours reflect overstaffing, inappropriate background research, and excessive revising. But none of the challenged entries are unreasonable. Courts "generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112). Such deference is appropriate here, where the hours are well-accounted for, supported, and fair, given the number and complexity of the legal and factual issues.

***TRO and Preliminary Injunction Motions.*** Federal Defendants again complain of overstaffing and excessive reviewing as to the TRO and preliminary injunction motions. But again, the billed hours are reasonable in light of the complexity of the issues addressed. Federal Defendants also assert that the hours are unreasonable because much of the research and analysis was duplicative of work completed for the complaint. "[D]uplication always happens when a task is started, stopped and then taken up again later. But necessary duplication—based on the vicissitudes of the litigation process—cannot be a legitimate basis for a fee reduction. It is only where the lawyer does *unnecessarily* duplicative work that the court may legitimately cut the hours." *Moreno*, 534 F.3d at 1113 (emphasis in original). Though similar topics may have been involved, FIGR was required at this phase to marshal evidence in support of the allegations and then connect those facts to the law, which understandably would necessitate further labor.

***Supporting Declarations.*** Federal Defendants challenge fees related to three declarations: the declaration of Jonodev Chaudhuri (Dkt. No. 15); Greg Sarris (Dkt. No. 16); and

Alex DeGeorgey (Dkt. No. 17). Chaudhuri provided his opinion as to how consultation and decision-making processes work based on his experience at the Department of Interior and National Indian Gaming Commission. (Dkt. No. 15.) Federal Defendants argue that the declaration should be excluded for offering impermissible legal conclusions. While the Chaudhuri declaration does refer to the law, those references do not render it inadmissible. Witnesses "may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). Chaudhuri appropriately refers to the law in expressing his opinion, which is based on his expertise in the consultation and decision-making processes. Fees will be awarded for work on the Chaudhuri declaration.

Fees will also be awarded for time spent on the Sarris declaration. Sarris is the Tribal Chairman of FIGR. (Dkt. No. 16 at ¶ 1.) Preparing a client declaration for a high-profile litigation can be time consuming, and this declaration was detailed and specific. It was not unreasonable for counsel to spend approximately 26 hours working on this declaration and associated attachment.

Fees will not be awarded, however, for time spent on the DeGeorgey declaration. DeGeorgey's declaration is three paragraphs long and primarily serves to authenticate a report that was not alleged to have been prepared in connection with this litigation. (*See* Dkt. No. 17.) FIGR has not shown why it took approximately six hours of attorney time to assist in preparing this declaration.[4] No fees will be awarded for this work.

***Supplemental Complaint and Summary Judgment Motion.*** Like the TRO motion, Federal Defendants argue that the supplemental complaint and summary judgment motion each involved excessive and duplicative work. The hours billed to these filings are reasonable in light

[4] This sum includes two block-billed entries containing work on the DeGeorgey declaration. (*See* Nov. 18, 2024 Ward Entry; Dec. 13, 2024 Zelden Entry).

of their complexity, even though portions are duplicative of prior work. Federal Defendants also argue that the hearing preparation time was unreasonable because many hours were billed after the Court issued a Notice of Questions that did not invoke the NHPA. After listing the enumerated questions, the Notice provided that "the parties will have additional time to present any additional argument that they wish the Court to hear." (Dkt. No. 130.) It was reasonable for counsel to spend significant time preparing these arguments.

***Attorneys' Fees Motion.*** "As a general rule, a party entitled to attorney fees as a matter of statute is similarly entitled to fees accumulated in establishing and negotiating his rightful claim to the fee." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1046 (9th Cir. 2016) (quotation marks and citation omitted). Motions for attorneys' fees "can be time consuming." *Navcom Tech., Inc. v. Oki Elec. Indus. Co.*, No. 5:12-CV-04175-EJD, 2020 WL 78720, at *2–3 (N.D. Cal. Jan. 7, 2020). They require detailed review and minute analyses. That is particularly so where FIGR had to edit the fees down to those related only to the NHPA claim. In light of this complexity, the hours claimed are reasonable. The hours spent preparing the Sher declaration are also reasonable, as FIGR needed to support its claimed rates. Fees will therefore be awarded for the attorneys' fees motion at the requested amounts.

### C. Expert Witness Costs

Finally, Federal Defendants object to FIGR's claim for $7,929.83 in expert fees charged by Alex DeGeorgey for his work on the expert declaration submitted with the TRO motion. FIGR submitted evidence showing that DeGeorgey and a GIS specialist spent a total of 38.5 hours providing expert witness services. (*See* Dkt. No. 170 ¶ 13; Dkt. No. 170-8.) However, FIGR has not sufficiently shown that this time was reasonable. All that DeGeorgey appeared to prepare was a short declaration describing his background in a single paragraph and authenticating his resume and the pre-written report. FIGR has not shown why that required 38.5 hours of work or otherwise demonstrated how that expense was reasonable. Fees will not be awarded for the DeGeorgey declaration.

## III. CONCLUSION

Federal Defendants' Motion to Stay is **DENIED** and FIGR's Motion for Attorneys' Fees is **GRANTED**. FIGR is awarded **$598,072.67** in attorneys' fees, which is FIGR's requested amount of $612,529.00, less the $1,776.50 overcalculation in the December 31, 2024 Spaulding Entry; $4,750.00 in attorneys' fees associated with the DeGeorgey declaration; and $7,929.83 in expert costs charged by Alex DeGeorgey.

**IT IS SO ORDERED.**

Dated: September 14, 2026

RITA F. LIN
United States District Judge